UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

John Doe (V.H.), as parent and natural
guardian of T.H., a minor,

    Plaintiff,

v.

HYATT HOTELS CORPORATION
d/b/a Hyatt Corporation,
GRAND HYATT BAHA MAR, and
CTF BM OPERATIONS LTD.
d/b/a Baha Mar,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. This is an action for damages which arise from a rape and/or sexual assault committed by Henry Richard "Ricky" Nixon (the "Assailant") upon the minor Plaintiff on April 4, 2021.

2. The subject assault occurred at the Grand Hyatt Baha Mar Resort in Nassau, Bahamas and occurred when the minor Plaintiff was a hotel guest at the subject resort staying with her family. In the early morning hours of April 4, 2021, T.H. briefly left her hotel room and went to the lobby to chat on the phone with a friend. She left her room barefoot – expecting to be back in her room within a few minutes. Shortly thereafter, however, 58-year-old Nixon targeted T.H and struck up a conversation in the hotel and lured her to a (closed) poolside cabana and then overpowered and raped her. The victim's father immediately began to search for his daughter when it was discovered she was not in her room at that hour. After pinpointing her location using a cellphone, he found Nixon raping his daughter in the cabana. After the father ripped Nixon off, he found his daughter curled up on the ground, crying and in disarray, with her undergarments pushed to the

- 1 -

side. Security was immediately alerted and local authorities were notified. Nixon was apprehended later that day and charged with statutory rape. He is currently awaiting criminal trial in the Bahamas. Trial is currently set for May 2022.

As the instant Complaint alleges, Nixon had no business being on the Baha Mar property. The subject rape occurred in the wee hours of the morning – when on-site bars and restaurants were and/or should have been closed. Nixon, as a Bahamian local, was not allowed to gamble on site under Bahamian law. Nixon was also known in the community as a small-time drug peddler. As such, there was no reason for him to be on this property, other than to engage in criminal activity.

Nixon was also likely there to target a young victim, like T.H. Hyatt Corporation knew or should have known his dangerous motive(s). Hyatt boasts its ability to provide families with a safe vacation, yet there were no security personnel which intervened to prevent this preventable crime. Defendant's failure to take reasonable and necessary precaution caused T.H. to suffer a horrific, life-altering event.

## THE PARTIES

3. Plaintiff, John Doe (V.H.),, as parent and natural guardian of T.H., a minor, is a U.S. citizen and resident of Pennsylvania.

### *First Defendant – HYATT HOTELS CORPORATION*

4. At all times material, Defendant, HYATT HOTELS CORPORATION d/b/a Hyatt Corporation ("HYATT"), is and was incorporated in Delaware, with its principal place of business in Illinois. HYATT HOTELS CORPORATION owns and operates all HYATT brand hotels and resorts around the world, including the Grand Hyatt Baha Mar Resort in Nassau, Bahamas.

5. At all times material, Defendant, HYATT conducted ongoing and systematic business in Florida. For example, HYATT registered its business with the State of Florida by registering their Latin America & Caribbean office, located at 396 Alhambra Circle, Suite 788, Coral Gables, FL 33134; thereby giving this court personal jurisdiction over HYATT pursuant to Florida Statute §§ 48.193 and/or 48.091.

6. At all times material, United States Corporation Company is and was the Registered Agent for HYATT, and is authorized to accept service of process for HYATT at 1201 Hayes Street, Suite 105, Tallahassee, FL 32301, pursuant to Florida Statute §§ 48.193 and/or 48.091.

7. At all times material, Defendant, HYATT primarily owned, maintained, operated, managed and/or controlled Defendant, GRAND HYATT BAHA MAR in Nassau, Bahamas, the resort at which the minor Plaintiff was sexually assaulted.

8. At all times material, Defendant, HYATT entered into a management agreement with Defendant, CTF BM OPERATIONS LTD. to co-own, co-maintain, co-operate, co-manage and/or co-control Defendant, GRAND HYATT BAHA MAR in Nassau, Bahamas, the resort at which the minor Plaintiff was sexually assaulted.

### *Second Defendant - GRAND HYATT BAHA MAR*

9. At all times material, Defendant, GRAND HYATT BAHA MAR was and is a foreign incorporated company, upon information and belief incorporated in the Bahamas, with its principal place of business in the Bahamas at One Baha Mar Boulevard, Nassau, Bahamas.

10. At all times material, Defendant, GRAND HYATT BAHA MAR also and secondarily co-owned, co-maintained, co-operated, co-managed and/or co-controlled the Grand Hyatt Baha Mar Resort in Nassau, Bahamas, the resort at which the minor Plaintiff was sexually assaulted.

*Third Defendant – CTF BM OPERATIONS LTD.*

11. At all times material, Defendant, CTF BM OPERATIONS LTD. d/b/a Baha Mar was and is a foreign incorporated company, upon information and belief incorporated in the Bahamas, with its principal place of business in the Bahamas at One Baha Mar Boulevard, Nassau, Bahamas.

12. At all times material, Defendant CTF BM OPERATIONS LTD. d/b/a Baha Mar, co-owned, co-maintained, co-operated, co-managed and/or co-controlled Grand Hyatt Baha Mar Resort in Nassau, Bahamas along with Defendant, HYATT and Defendant, GRAND HYATT BAHA MAR.

13. While Defendants, HYATT and GRAND HYATT BAHA MAR primarily operated the HYATT-corporation side of the subject joint venture (including, but not limited to, promoting the resort, sales, and promulgation of policies and procedures); Defendant, CTF BM OPERATIONS LTD. primarily conducted operations on the ground at the subject Baha Mar resort (including, but not limited to, retaining security personnel and ensuring resort employees and/or agents complied with HYATT company policies concerning the resort's operation).

*Overview of Defendants' Joint Venture*

14. HYATT's hotel operations, marketing, vacation package designing, and/or vacation planning for Defendant, GRAND HYATT BAHA MAR and the subject resort are directed and controlled through HYATT employees and/or subsidiaries and/or agents located at its Florida offices located at 396 Alhambra Circle, Suite 788, Coral Gables, FL 33134.

15. HYATT, GRAND HYATT BAHA MAR and CTF BM OPERATIONS LTD., are, and at the time of the subject incident were, engaged in a joint venture to co-own, co-maintain, co-operate, co-manage and/or co-control the Grand Hyatt Baha Mar Resort in Nassau, Bahamas.

16. At all times material, HYATT, GRAND HYATT BAHA MAR and CTF BM OPERATIONS LTD., are and were parties to an express or implied contract(s) and/or management agreement(s), the subject of which is ownership, operation and control of the subject resort at which the minor Plaintiff was sexually assaulted.

17. HYATT, GRAND HYATT BAHA MAR and CTF BM OPERATIONS LTD., share a community of interest or a joint proprietary interest in the ownership, management and operation of the subject resort, as factually outlined below. Further, HYATT, GRAND HYATT BAHA MAR and CTF BM OPERATIONS LTD., have joint control or the right to control the operations of the subject resort, and a duty to share in the profits and losses.

## JURISDICTION

### *Subject Matter Jurisdiction*

18. This Court has diversity jurisdiction over this case (28 U.S.C. § 1332) as the Parties are completely diverse, and this is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs and otherwise within the jurisdiction of this court. Plaintiff herein seeks damages in excess of $10,000,000.00, to be ultimately determined by a jury.

### *Personal Jurisdiction – Florida Statute §48.193*

19. At all times material hereto, the Defendant, HYATT, is and was a corporation operating, conducting, engaging, and carrying out business and/or business ventures based in the state of Florida, thereby subjecting itself and its joint venturers, including the other two Defendants herein, to jurisdiction in this state under the Florida long arm statutes and/or case law.

20. A business entity, whether or not a citizen or resident of Florida, personally or through an agent, submits itself to a Florida Court's jurisdiction if it engages in substantial and not isolated activity within the state, whether or not the claim arises from that activity.

21. At all times material hereto, all three Defendants, from the Florida offices including those at 396 Alhambra Circle, Suite 788, Coral Gables, FL 33134, and in connection with Florida Statute §48.193(1)(a)(1) and/or § 48.193(2), conducted a joint venture to co-own, co-maintain, co-operate, co-manage and/or co-control the Grand Hyatt Baha Mar Resort in Nassau, Bahamas through the following conduct:

　　a. Developed, organized, packaged, designed, planned, operated, promoted, advertised, marketed, vouched for, and directly sold vacations for and at GRAND HYATT BAHA MAR resort;

　　b. Oversaw, supervised, audited, tracked, and monitored vacations for and at GRAND HYATT BAHA MAR resort;

　　c. Determined pricing for the resort and its merchandise;

　　d. Shared in the profits and losses with the named Defendants/joint venturers;

　　e. Promulgated rules, policies and procedures, and regulations for the operation at GRAND HYATT BAHA MAR;

　　f. Supervised and monitored performance of the resort;

　　g. Collected monies for vacations sold at GRAND HYATT BAHA MAR;

　　h. Investigated customer complaints;

　　i. Issued refunds;

　　j. Maintained records keeping;

　　k. Managed public relations;

　　l. Managed websites;

　　m. Issued press releases;

　　n. Maintained Florida phone numbers and mail addresses;

    o. Developed partnerships and/or other business relationships with Florida entities and/or entities based in the United States;

    p. Derived substantial income from promoting, marketing, coordinating, directly selling and vouching for vacation packages from Florida to U.S. citizens, including the Plaintiff; and

    q. Shared common officers, directors, management, employees, and resources in order to perform all of the above.

22. Further, this Court has personal jurisdiction over all three Defendants pursuant to section 48.193(b)(2), Florida Statutes, as all three Defendants have in the past and continue to engage in substantial and not isolated business activity on a continuous and systematic basis within the State of Florida, as outlined above.

23. All three Defendants control varying day-to-day operations of GRAND HYATT BAHA MAR hotel and resorts.

24. For example, Thierry M. Guillot is the Senior Vice President of HYATT's Latin America and Caribbean offices, which owns and/or controls the other two named Defendants as well as employ a work force in Miami, Florida for the subject joint venture, and he lives and works in Miami, Florida:



- 7 -

L IPCON , M ARGULIES & W INKLEMAN , P.A.

25. In addition, Defendant, GRAND HYATT BAHA MAR's Director of Sales and Marketing, Braedan Quigley, lives and/or works in Miami, Florida while he engages in substantial and not isolated activity in the state of Florida in furtherance of the joint venture objectives and deadlines, as factually outlined above.

26. At all material times, a joint venture existed between the three Defendants whereby Defendants are jointly and severally responsible for the negligence of each other as partners and/or active participants of the joint venture.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

27. On or about April 4, 2021 the Plaintiff and his wife and minor daughters were guests at the Grand Hyatt Baha Mar resort in Nassau, Bahamas, the resort co-owned and/or co-operated by the three named Defendants herein.

28. On or about April 4, 2021, the minor Plaintiff was on the hotel premises chatting on the phone when the Assailant, raped and/or sexually assaulted the minor Plaintiff.

29. The minor Plaintiff did not consent the Assailant's sexual act(s).

30. HYATT's corporate website advertises its "priority" for guest safety and security throughout their hotels & resorts. For instance, Defendant's website states:

> Hotels managed by **Hyatt Hotels & Resorts** consider guest comfort **and security as our priority**, particularly when faced with today's global security challenges. We would like to share with you some of the practice security programs that are integral to the operations of our hotels.
>
> - **Trained hotel staff responsible and accountable for looking after the security and well being of our guests** and visitors
> - …
>
> Hyatt Hotels & Resorts are renowned for our authentic hospitality and our personalized guest experience. As our valued guest, **we are committed to creating an environment of security and well being** throughout your stay.[1]

---

[1] https://about.hyatt.com/en/security-safety.html

## COUNT I – PREMISE LIABILITY AGAINST DEFENDANTS

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through thirty (30) above as though alleged originally herein.

31. At all material times, Defendants had a duty to exercise reasonable care under the circumstances for the health and personal safety of its guests, including the minor Plaintiff.

32. On or about the above date(s), Defendants and/or its agents, servants, joint venturers and/or employees breached their duty to Plaintiff through the following acts and/or omissions:

   a. Failing to provide a reasonably safe premises upon which resort guests would not be subject to sexual assault;

   b. Failing to enforce its own rules or policies regarding the safety of invitees on the resort property;

   c. Failing to have an adequate system in effect to prevent guests from being sexually assaulted on the resort property;

   d. Failing to adequately monitor and supervise the hotel premises to ensure that all guests are safe and/or not sexually assaulted;

   e. Failing to provide an adequate number of supervisory personal to monitor the resort property;

   f. Inadequately performing security checks of the resort premises; and

   g. Creating an environment whereby guests would be deceived into believing that they are in a safe and family-friendly environment where guest comfort and security is their "priority"; when in reality, Defendants failed to carry out their "priority" for guest security, as represented on the Hyatt website.

33. All or some of the above acts and/or omissions by Defendants, their agents, their joint venturers and/or employees, directly caused and/or contributed to the minor Plaintiff being sexually assaulted.

34. Defendants knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. For example, *see e.g. Jane Doe v. HYATT HOTELS CORP., et. al.*, 2021 Ill. App. 201216 (Ill. App. Ct. 2021) (a 2014 claim concerning a HYATT guest who sued the hotel owner and operators for sexual assault based in part upon allegations that HYATT advertised and represented its concern and priority for guest safety). In addition, Defendant created the dangerous conditions by the lack of supervision and/or security.

35. As a result, HYATT, GRAND HYATT BAHA MAR and CTF BM OPERATIONS LTD. are responsible for the negligence of their co-venturers, as well as its own active negligence.

36. As a direct and proximate result of the above described negligence, the minor Plaintiff was injured about her body and extremity, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disabilities, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including psychiatric care, suffered physical handicap, and her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and the minor Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of their vacation, hotel, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants, including punitive damages, and demands trial by jury of all issues so triable.

## COUNT II – NEGLIGENT UNDERTAKING AGAINST DEFENDANTS

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through thirty (30) above as though alleged originally herein.

37. At all material times, Defendants had a duty to exercise reasonable care under the circumstances for the health and personal safety of its guests, including the minor Plaintiff.

38. On or about the above date(s), Defendants and/or its agents, servants, joint venturers and/or employees breached their duty to Plaintiff through the following acts and/or omissions:

   a. Undertaking a duty to provide security at the resort, among other duties, and failing to reasonably carry out that duty by failing to provide a reasonably safe premises upon which resort guests would not be subject to sexual assault;

   b. Undertaking a duty to provide security at the resort, among other duties, and failing to reasonably carry out that duty by failing to enforce its own rules or policies regarding the safety of invitees on the resort property;

   c. Undertaking a duty to provide security at the resort, among other duties, and failing to reasonably carry out that duty by failing to have an adequate system in effect to prevent guests from being sexually assaulted on the resort property;

   d. Undertaking a duty to provide security at the resort, among other duties, and failing to reasonably carry out that duty by failing to adequately monitor and supervise the hotel premises to ensure that all guests are safe and/or not sexually assaulted;

   e. Undertaking a duty to provide security at the resort, among other duties, and failing to reasonably carry out that duty by failing to provide an adequate number of supervisory personal to monitor the resort property;

   f. Undertaking a duty to provide security at the resort, among other duties, and failing to reasonably carry out that duty by inadequately performing security checks of the resort premises; and

    g. Creating an environment whereby guests would be deceived into believing that they are in a safe and family-friendly environment where guest comfort and security is their "priority"; when in reality, Defendants failed to carry out their "priority" for guest security, as represented on the Hyatt website.

39. All or some of the above acts and/or omissions by Defendants, their agents, their joint venturers and/or employees, directly caused and/or contributed to the minor Plaintiff being sexually assaulted.

40. Defendants knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. For example, *see e.g. Jane Doe v. HYATT HOTELS CORP., et. Al.*, 2021 Ill. App. 201216 (Ill. App. Ct. 2021) (a 2014 claim concerning a HYATT guest who sued the hotel owner and operators for sexual assault based in part upon allegations that HYATT advertised and represented its concern and priority for guest safety). In addition, Defendant created the dangerous conditions by the lack of supervision and/or security.

41. As a result, HYATT, GRAND HYATT BAHA MAR and CTF BM OPERATIONS LTD. Are responsible for the negligence of their co-venturers, as well as its own active negligence.

42. As a direct and proximate result of the above described negligence, the minor Plaintiff was injured about her body and extremity, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disabilities, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including psychiatric care, suffered physical handicap, and her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in

nature, and the minor Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of their vacation, hotel, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants, including punitive damages, and demands trial by jury of all issues so triable.

### COUNT III – NEGLIGENT SECURITY AGAINST DEFENDANTS

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through thirty (30) above as though alleged originally herein.

43. At all times material, Defendants owed the duty to protect its guests, like Plaintiff and provide reasonable security and/or implement reasonable security measures on hotel property.

44. At all times material hereto, Defendants had and/or voluntarily undertook and/or assumed the duty of providing guests with security while on the resort premises by retaining staff to serve as security officers on hotel property and/or advertising its hotel security online. For instance, HYATT's website states:

> Hotels managed by **Hyatt Hotels & Resorts** consider **guest comfort and security as our priority**, particularly when faced with today's global security challenges. We would like to share with you some of the practice security programs that are integral to the operations of our hotels.
>
> - **Trained hotel staff responsible and accountable for looking after the security and well being of our guests** and visitors
> - …
>
> Hyatt Hotels & Resorts are renowned for our authentic hospitality and our personalized guest experience. As our valued guest, **we are committed to creating an environment of security and well being throughout your stay**.

45. On or about the above date(s), Defendant and/or its agents, joint venturers, servants and/or employees breached their duty to Plaintiff through the following acts and/or omissions:

  a. Failing to provide a reasonably safe premises upon which resort guests would not be subject to sexual assault;

- 13 -

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .

b. Failing to provide adequate security for guests in public areas of the resort, including, but not limited to, security for minor guests;

c. Failing to adequately monitor guests, especially minor guests, so as to keep them away from dangerous guests and/or dangerous situations;

d. Failing to adequately monitor and/or regulate improper and/or illegal conduct of guests and/or invitees on the hotel property;

e. Failing to have a sufficient amount of security officers on duty and/or patrolling the resort to adequately monitor the premises to maintain a high level of security presence, thereby preventing and/or reducing the number and/or severity of incidents;

f. Failing to protect guests generally and minors specifically from sexual assaults and/or rapes at the hotel;

g. Failing to adequately train its employees;

h. Hiring inexperienced or non-experienced security personnel;

i. Failing to provide an adequate number of supervisory personal at the subject resort;

j. Performing inadequate security checks of the premises;

k. Creating an environment whereby guests would be deceived into believing that they are in a safe and family-friendly environment where it is safe to interact with other guests and/or invitees; where in reality, guests are at risk of being targeted and attacked by sexual predators.

46. All or some of the above acts and/or omissions by Defendants, their agents, their joint venturers and/or employees, directly caused and/or contributed to the minor Plaintiff being sexually assaulted.

47. Defendants knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. For example, *see e.g. Jane Doe v. HYATT HOTELS CORP., et. Al.*, 2021 Ill. App. 201216 (Ill. App. Ct. 2021) (a 2014 claim concerning a HYATT guest who sued the hotel owner and operators for sexual assault based in part upon allegations that HYATT advertised and represented its concern and priority for guest safety). In addition, Defendant created the dangerous conditions by the lack of supervision and/or security.

48. As a result, HYATT, GRAND HYATT BAHA MAR and CTF BM OPERATIONS LTD. Are responsible for the negligence of their co-venturers, as well as its own active negligence.

49. As a direct and proximate result of the above described negligence, the minor Plaintiff was injured about her body and extremity, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disabilities, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including psychiatric care, suffered physical handicap, land her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and the minor Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of their vacation, hotel, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants, including punitive damages, and demands trial by jury of all issues so triable.

## **COUNT IV – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANTS**

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through thirty (30) above as though alleged originally herein.

50. At all material times, Defendants had a duty to exercise reasonable care under the circumstances for the health and personal safety of its guests including Plaintiff.

51. At all times material, Defendants owed the duty to protect its guests, like Plaintiff staying at the subject hotel, in places where guests, like Plaintiff, are invited to or may reasonably be expected to visit.

52. On or about the above date(s), Defendants and/or its agents, its joint venturers, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failing to warn guests that Defendants did not and/or could not provide a reasonably safe resort;

   b. Failing to warn guests of the lack of adequate security around and/or on the resort premises;

   c. Failing to warn guests of the lack of training of resort security staff;

   d. Failing to warn guests of the dangers and/or prevalence of sexual assaults on adults and/or minors while on resort property;

   e. Failing to implement policies or procedures to track prior instances of sexual assaults so that the environment which permits and encourages such behavior can be identified and eliminated and/or guests could be warned of the dangers posed to their health and physical and mental wellbeing; and/or

   f. Creating an environment whereby guests would be deceived into believing that they are in a safe and family-friendly environment where it is safe to interact with other

guests and/or invitees; where in reality, guests are at risk of being targeted and attacked by sexual predators.

53. All or some of the above acts and/or omissions by Defendants, their agents, their joint venturers and/or employees, directly caused and/or contributed to the minor Plaintiff being sexually assaulted.

54. Defendants knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. For example, *see e.g. Jane Doe v. HYATT HOTELS CORP., et. Al.*, 2021 Ill. App. 201216 (Ill. App. Ct. 2021) (a 2014 claim concerning a HYATT guest who sued the hotel owner and operators for sexual assault based in part upon allegations that HYATT advertised and represented its concern and priority for guest safety). In addition, Defendant created the dangerous conditions by the lack of supervision and/or security.

55. As a result, HYATT, GRAND HYATT BAHA MAR and CTF BM OPERATIONS LTD. Are responsible for the negligence of their co-venturers, as well as its own active negligence.

56. As a direct and proximate result of the above described negligence, the minor Plaintiff was injured about her body and extremity, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disabilities, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including psychiatric care, suffered physical handicap, and her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in

nature, and the minor Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of their vacation, hotel, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants, including punitive damages, and demands trial by jury of all issues so triable.

### COUNT V – GENERAL NEGLIGENCE AGAINST DEFENDANTS

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through thirty (30) above as though alleged originally herein.

57. At all material times, Defendants had a duty to exercise reasonable care under the circumstances for the health and personal safety of its guests including Plaintiff.

58. On or about the above date(s), Defendant and/or its agents, servants and/or employees breached its duty to Plaintiff through the following acts and/or omissions:

   a. Failing to provide a reasonably safe premises upon which resort guests would not be subject to sexual assault;

   b. Failing to provide adequate security for guests in public areas of the resort, including, but not limited to, security for minor guests;

   c. Failing to adequately monitor guests, especially minor guests, so as to keep them away from dangerous guests and/or dangerous situations;

   d. Failing to adequately monitor and/or regulate improper and/or illegal conduct of guests and/or invitees on the hotel property;

   e. Failing to have a sufficient amount of security officers on duty and/or patrolling the resort to adequately monitor the premises to maintain a high level of security presence, thereby preventing and/or reducing the number and/or severity of incidents;

   f. Failing to protect guests generally and minors specifically from sexual assaults and/or rapes at the hotel;

    g. Failing to adequately train its employees;

    h. Hiring inexperienced or non-experienced security personnel;

    i. Failing to provide an adequate number of supervisory personal at the subject resort;

    j. Performing inadequate security checks of the premises;

    k. Creating an environment whereby guests would be deceived into believing that they are in a safe and friendly "family" environment where it is safe to interact with other guests; where in reality, guests are at risk of being targeted and attacked by sexual predators.

59. All or some of the above acts and/or omissions by Defendants, their agents, their joint venturers and/or employees, directly caused and/or contributed to the minor Plaintiff being sexually assaulted.

60. Defendants knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. For example, *see e.g. Jane Doe v. HYATT HOTELS CORP., et. al.*, 2021 Ill. App. 201216 (Ill. App. Ct. 2021) (a 2014 claim concerning a HYATT guest who sued the hotel owner and operators for sexual assault based in part upon allegations that HYATT advertised and represented its concern and priority for guest safety). In addition, Defendant created the dangerous conditions by the lack of supervision and/or security.

61. As a result, HYATT, GRAND HYATT BAHA MAR and CTF BM OPERATIONS LTD. are responsible for the negligence of their co-venturers, as well as its own active negligence.

62. As a direct and proximate result of the above described negligence, the minor Plaintiff was injured about her body and extremity, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disabilities, impairment, inconvenience in the normal pursuits and

pleasures of life, feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including psychiatric care, suffered physical handicap, land her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and the minor Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of their vacation, hotel, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants, including punitive damages, and demands trial by jury of all issues so triable.

Respectfully submitted,

LIPCON, MARGULIES,
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:  *Michael Winkleman*
**MICHAEL WINKLEMAN**
Florida Bar No. 36719
mwinkleman@lipcon.com
**JACQUELINE GARCELL**
Florida Bar No. 104358
jgarcell@lipcon.com
**L. ALEX PEREZ**
Florida Bar No. 125452
aperez@lipcon.com